
**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

United States District Court
Eastern District of New York

1:19-cv-05622

| | |
|---|---|
| Melissa Nelson, individually and on behalf of all others similarly situated<br><br>                              Plaintiffs<br><br>            - against -<br><br>Doordash, Inc.<br><br>                              Defendant | Complaint |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Doordash, Inc. ("defendant") provides food delivery services via the Doordash app enabling consumers to obtain home delivery of food, beverages and other items from restaurants and stores to customers throughout the United States.

2. According to media reports and confirmed by Doordash, defendant experienced a data breach incident ("DBI") in May 2019, exposing the personal and confidential information of at least 4.9 million users of defendant's services.[1]

3. Defendant had at least five months to have informed plaintiff and its users of the DBI but failed to failed to inform plaintiffs and class members until the last week of September, 2019.

4. This allowed the private information of plaintiff and class members to be circulated

---

[1] Doordash, Important security notice about your DoorDash account, Sept. 26, 2019.

and available on the internet and likely on the "Dark Web," a part of the internet that is notorious for the trading in private and hacked data.

5. Not only customers were impacted, as at least 100,000 drivers – the backbone of Doordash and its "gig economy" – had their driver's license information hacked among other private information.

6. Though defendant has speculated that passwords were not breached, it nonetheless urged its users to change *all* of their passwords to all online accounts including Doordash and create a unique password only for DoorDash.

7. Though defendant has initially claimed that customers who joined after April 5, 2018 are not victims of this DBI, this has not been confirmed by third-parties.

8. Defendant made data security one of its primary selling points in competing for customers in the highly competitive food and on-demand delivery industry, through promotion of its data security technology and numerous disclosures to customers emphasizing to its privacy and security policies.

9. According to Natalie Dunlevey, President of National Processing Solutions, consumers and workers of Doordash will need to be especially vigilant for future phone and email solicitation and phishing scams.

10. Defendant had or may have been previously vulnerable to data intrusions which should have resulted in hardening its defenses against repeated efforts of cyber-criminals.

11. Reports generally indicate that if a company takes reasonable, industry-standard steps and followed "best practices" associated with hiring and retention of personnel and contractors, either this data breach incident would not have occurred or it would not have lasted as long as it did, and the harms to plaintiff and class members would have been mitigated.

12. Plaintiff and class members have, may or will endure loss of use of access to online accounts for all services, from email, banking, cellular phone, purchasing and other services due to the complexities which are involved in changing all passwords and access permissions.

13. It is expected that the private information of plaintiff and class members is for sale on the "dark web" and will be used for nefarious and mischievous ends, which ultimately will harm plaintiffs and class members in time, money and reputation.

## Jurisdiction and Venue

14. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

15. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

16. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods and services within New York.

17. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

18. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

19. Plaintiff Melissa Nelson is a citizen of Queens County, New York.

20. Defendant is a Delaware corporation with a principal place of business in San Francisco, California.

21. During the class period, Plaintiff used the Products and/or Services of defendant, for personal use, consumption or application with the representations described herein, with the above-referenced assurances that defendant would adequately and competently protect their

private data, within their districts and/or states.

22. Plaintiff used the Products and/or Services based upon the representations of defendant with respect to the assurances their personal information would be secured against intrusion from cyber criminals.

## Class Allegations

23. The classes will consist of all consumers in all 50 states with sub-classes for the individual states.

24. The present complaint contains a Plaintiff from: New York, who will represent his/her/their state sub-classes of persons who used the Products or Services of defendant during the statutes of limitation.

25. Common questions of law or fact predominate and include whether plaintiff's and class members' personal financial data was compromised, causing them harm, and if defendant took reasonable measures to prevent or mitigate the harm, and whether plaintiff and class members are entitled to damages.

26. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

27. Plaintiff is an adequate representatives because her interests do not conflict with other members.

28. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

29. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

30. Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to adequately and fairly protect class members' interests.

31. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>Consumer Protection Statutes of Other States and Territories</u>

32. Plaintiff asserts causes of action under the consumer protection and data privacy laws of her individual state, listed in part below.

a. Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;
b. Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;
c. Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521 *et. seq.*;
d. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;
e. California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et. seq.*;
f. Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;
g. Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;
h. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;
i. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;
j. Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes*§ 501.201, *et. seq.*;
k. Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;
l. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;
m. Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;
n. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;
o. Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 *et. seq.*;
p. Iowa Code §§ 714.16 *et. seq.*;
q. Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;
r. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;
s. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;
t. Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;
u. Maryland Consumer Protection Act, Md. Code, Com. Law § 13-101 *et seq.*;
v. Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;
w. Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;
x. Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;
y. Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;
z. Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;
aa. Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;
bb. Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska

   Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;
cc. Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;
dd. New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;
ee. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;
ff. New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;
gg. ==New York General Business Law ("GBL") §§ 349 & 350;==
hh. North Carolina
ii. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;
jj. Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;
kk. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;
ll. Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);
mm. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1 *et. seq.*;
nn. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;
oo. South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;
pp. South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;
qq. Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et. seq.*;
rr. Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41 *et. seq.*;
ss. Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 *et. seq.*;
tt. Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;
uu. Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196 *et. seq.*;
vv. Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;
ww. West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;
xx. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*; and
yy. Wyoming Consumer Protection Act, Wyo. Stat. Ann.§§ 40-12-101 *et. seq.*;

33. Defendant's acts, practices, representations and omissions related to their adherence to data protection practices that purportedly would safeguard the information of plaintiff and class members are not unique to the parties and have a broader impact on the public.

34. Plaintiff and class members were directed by defendant to entrust it with their personal financial data and assured it would not be disclosed to unauthorized persons and that best practices would be employed to prevent or mitigate such disclosure.

35. The representations and omissions were relied on by Plaintiff and class members, who paid more in service fees to use defendant's services than they would have had they known they would have been subject to a DBI, causing damages.

Breach of Contract

36. Plaintiff re-alleges the paragraphs above.

37. Plaintiff and Class members entered into a contract with Defendant for the provision of credit in return for their promise to repay said credit, accompanied by assurances and warranties their payment and personal information would be safeguarded.

38. Plaintiff and class members were given assurances in the form of defendant's code of conduct, terms of services, privacy policies, etc., that industry-standard, reasonable and practical measures would be taken, at all steps so their private data would be protected.

39. The terms of defendant's privacy policy, code of conduct and terms of services, are part of the contract.

40. Plaintiff and Class members performed substantially all required of them under their contract with defendants, or they were excused from doing so.

41. Defendant failed to perform its obligations under the contract, including by failing to provide adequate privacy, security, and confidentiality safeguards for Plaintiff's and Class member's information and documents.

42. As a direct and proximate result of defendant's breach of contract, Plaintiff and Class members did not get what they expected – food delivery services which secured their sensitive personal data, and instead received food delivery services that were less valuable than described to them because the terms did not disclose defendants would fail to safeguard their data.

43. Plaintiff and Class members were damaged in an amount at least equal to the difference in value between that which was promised and Defendant's deficient performance.

44. Also as a result of Defendant's breach of contract, Plaintiff and Class members have suffered actual damages resulting from the exposure of their personal information, and they remain

7

at risk of suffering additional damages.

45. Accordingly, Plaintiff and Class members have been injured by Defendant's breach of contract and are entitled to damages and/or restitution in an amount to be proven at trial.

## Negligence and Negligence Per Se

46. Plaintiff and class members incorporate by reference all preceding paragraphs.

47. Defendant violated N.Y. Gen. Bus. Law § 899-aa and similar laws of the other 49 states by failing to properly disclose the data breach.

48. Class members are within the class of persons that the aforesaid laws were intended to protect because they are residents of these states.

49. The harm which occurred due to Defendant's Data Breach is the type of harm that these laws were intended to protect.

50. Specifically, this is the harm of the unauthorized access or disclosure of personal information due to a failure to maintain reasonable security procedures.

51. Defendant had a duty of reasonable care to safeguard the privacy, confidentiality, and security of Plaintiff's and Class members' personal information and documents and comply with the terms of its own privacy and security policy.

52. Defendant breached this duty of care by failing to adequately safeguard the private and confidential personal information and records of plaintiff and class members.

53. Defendant breached their duty of care FTC Act Section 5, the Consumers Legal Remedies Act (CA) and the GLB Act.

54. As a direct and proximate result of Defendant breach of their duty of care, Plaintiff and the Class suffered injury.

## Unjust Enrichment

55. Plaintiff incorporates by references all preceding paragraphs.

56. Defendant obtained benefits and monies because the Services or Products were not as represented and expected, *viz,* they were not accompanied by adequate, industry-standard security protocols, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** Plaintiffs prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representatives and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the State Subclasses pursuant to the consumer protection laws of their States;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and consumer protection law claims, and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: October 4, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021

(516) 303-0552
spencer@spencersheehan.com
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:19-cv-05622
United States District Court
Eastern District of New York

Melissa Nelson individually and on behalf of all others similarly situated

Plaintiff

- against -

Doordash, Inc.

Defendant

## Complaint

```
Sheehan & Associates, P.C.
 505 Northern Blvd., #311
   Great Neck, NY 11021
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  October 4, 2019

/s/ Spencer Sheehan
Spencer Sheehan